The plaintiff purchased a ticket at Buffalo for Lockport, and a ticket from Lockport to Troy. The ticket indicates no particular route. It was simply a ticket from "Lockport to Troy." The evidence was undisputed on the trial that all through trains passed over the direct road between Rochester and Syracuse, passing through Palmyra, Lyons and Clyde, a distance of eighty-one miles. The old road (so-called) between Rochester and Syracuse is 104 miles passing through Auburn. The trains for that road are made up at each end and terminate at each end. It is practically a way route, and not a through route. The question is what the contract was on the part of the defendant by the ticket purchased by the plaintiff. It seems to me that it was a contract to carry the plaintiff over the usual, through, and most direct route, and nothing more. The defendant is restricted to a charge of two cents a mile. *Page 596 
It does not appear that the plaintiff paid any more than that sum for the eighty-one miles over the usual route. The through train from Lockport passes over the direct route, and the plaintiff must have changed cars at Rochester and taken another train. He may have supposed that the ticket entitled him to go by any road which the defendant owned, however indirect, and regardless of the distance traveled. In this I think he was mistaken. The ticket was a through ticket, and impliedly over the through route. The company were not bound to take him over any and all their roads which might terminate at the same point. A ticket from Albany to Buffalo would not entitle the holder to go by the way of Niagara Falls, although the company owns the road all the way round, and I do not see why the company would not be liable to a penalty for charging by the way of the Falls for a ticket to Buffalo, unless on notice or by specific agreement, and when sued for the penalty it would not avail to allege that the passenger was entitled to go either way.
And so upon purchasing a ticket at Buffalo for Albany or Troy, it would not be lawful for the company to charge either the twenty-three miles over the Auburn road, or around by Albany to Troy. It could only charge for the usual and direct route. Otherwise it might evade the provisions of the statute restricting the charge of two cents a mile.
It would be proper as a matter of information to purchasers of through tickets at or west of Rochester to specify on the ticket which route the ticket entitles the passenger to travel. Such a course would prevent misunderstanding, but we must determine from the facts appearing before us what the contract in this case was, and I am of opinion that it was a contract to carry the plaintiff over the direct road, and not one to carry over an unusual and roundabout way, twenty-three miles farther. If the company should take a through train over the Auburn route especially without notice to the passengers, the question would be quite different. The obligations of the contract are mutual, and the company could *Page 597 
not under a contract to carry the passengers over the direct route take them over the indirect route and compel them to pay the additional compensation. Here it must be presumed that the company were ready and willing to perform the contract as made, but the plaintiff desired to go over the Auburn road and must have changed cars at Rochester for that purpose, and the claim for additional compensation was both lawful and just.
The ticket was not purchased at the office of the company, or of any of its authorized agents, and therefore the declarations of the person of whom it was purchased are not admissible against the defendant.
The judgment must be affirmed.
All concur. ALLEN, J., taking no part.
Judgment affirmed.