Plott vs. The Chicago & Northwestern R. Co. and another.

PLOTT, Respondent, vs. THE CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY and another, Appellants.

*April 4 — June 24, 1885.*

*Railroads — Carriers of passengers — Stopping at way station — Rights
and duties of ticket-holder and of company — Notice — Reason-
able regulations — Estoppel.*

1. It is the duty of a passenger to ascertain whether the train which
he is about to take will carry him to, and put him off at, his desti-
nation.
2. In the absence of an express contract to the contrary the holder of
a railroad ticket is to be carried according to the reasonable rules
and regulations of the company, and the company is not bound to
stop the train and discharge him at a station where, under such
rules, that train does not stop.
3. The only duty of the company in such case is to inform the pas-
senger in due time that the train does not stop at the station to
which he has purchased his ticket, and to permit him to leave the
train at some other station from which he can take passage on a
train which does stop at his destination.
4. A regulation that two through passenger trains running daily each
way between Chicago and St. Paul should not stop at the small sta-
tions south of Elroy, there being two other passenger trains daily
each way between Chicago and Elroy which did stop at such sta-
tions, is *held* reasonable.
5. The fact that one of such trains had occasionally stopped at one of
such stations would not estop the company from running the train
in the ordinary way, or make it a duty to stop there, on any par-
ticular occasion.

APPEAL from the Circuit Court for *Juneau* County.

The case is stated in the opinion. The defendants ap-
pealed, each independently, from the judgment.

For the appellant *The Chicago & Northwestern Railway
Company* there was a brief by *Wm. F. Vilas,* and oral argu-
ment by *J. G. Jenkins.*

For the appellant *The Chicago, St. Paul, Minneapolis &
Omaha Railway Company* there was a brief by *Jno. D.
Howe* and *S. L. Perrin,* and oral argument by *Mr. Perrin.*

Plott vs. The Chicago & Northwestern R. Co. and another.

They argued, among other things, that their client contracted only to carry the plaintiff to Elroy, the terminus of its line; and this duty it fully performed. In the sale of the ticket to a point beyond such terminus it acted merely as the agent of the other defendant. *Hartan v. Eastern R. Co.* 114 Mass. 44; *Knight v. P. S. & P. R. Co.* 56 Me. 234; *Hood v. N. Y. & N. H. R. Co.* 22 Conn. 1, 502; *Schopman v. B. & W. R. Co.* 9 Cush. 24.

For the respondent the cause was submitted on the brief of *J. W. Lusk.*

The following opinion was filed April 28, 1885:

Taylor, J. The respondent brought her action in the circuit court to recover damages from the appellant companies for not carrying her directly, and upon the same train, from St. Paul to Wonewoc. The evidence shows that the plaintiff, in the forenoon of the 14th day of August, 1883, purchased a ticket at the Union depot in St. Paul, to be carried over the railroads of the appellants from St. Paul, in Minnesota, to Wonewoc, in this state. After purchasing the ticket the plaintiff asked the ticket agent "what time the train would leave, and he told her at 12:45," and when that train was called she took that train. She came to St. Paul in the morning and waited all the time in the Union depot until the train left at 12:45. She was carried by this train from St. Paul to Elroy, which is the junction of the lines of the two railway companies. After the train arrived at this place, between 9 and 11 o'clock in the evening, one of the train-men came into the car where the plaintiff was, and asked plaintiff how far she was going. She told him she was going to Wonewoc. He replied: "We don't stop at Wonewoc, you will have to get off here." She sat a short time, and then she asked the train-man if he would not stop long enough for her to step off; that she would be at the door. He replied: "No; if you do not get

off here, you will have to go to Reedsburg." "I did not show him my ticket." And thereupon the plaintiff got off the train, and remained at Elroy until the arrival of the next train, about 10 o'clock in the morning, when she got on board, and was carried to Wonewoc, which is about eight miles from Elroy. Plaintiff was acquainted in Elroy, and stopped at a hotel, where she had stopped at other times, during the night. The plaintiff recovered a judgment against the appellants for $500 damages, and the appeal is from that judgment.

The plaintiff's right to recover in this action depends upon the question whether the companies were bound to carry her to her destination at Wonewoc on the same train which carried her from St. Paul to Elroy. If they were, then she would be entitled to recover such damages as she sustained by being compelled to leave the train at Elroy, and remain there until the next train in the morning, which carried her to her destination. If they were not so bound, then she would not be entitled to recover any sum against either company.

The admissions in the pleadings and the evidence show that the two companies run passenger trains from Chicago to St. Paul both ways, running two trains daily each way between St. Paul and Chicago, and the *Northwestern Railway Company* running four passenger trains daily each way between Elroy and Chicago, passing Wonewoc; and that two of the trains each way between Elroy and Chicago stopped at all the stations, including Wonewoc, to discharge and receive passengers; and two of the trains, which were for the accommodation of through travel between Chicago and St. Paul, stopped only at the larger towns; that Wonewoc was not one of the regular stopping places for these through trains; and that the train upon which the plaintiff came from St. Paul to Elroy was one of the through trains for which Wonewoc was not a regular stopping place.

The jury, in their special verdict, find, among other things, (1) "that the train which carried the plaintiff from St. Paul to Elroy did not ordinarily stop at Wonewoc;" and (2) " that it did sometimes stop at Wonewoc for the purpose of letting off passengers." Although the court excluded evidence offered by the defendants to show that this train, according to the regulations of the company, was not to stop at Wonewoc, yet a witness on the part of the plaintiff testified that he had seen the folders which the company issues, and thinks that Wonewoc was not mentioned as a stopping place for that train. This evidence, together with the evidence of the plaintiff herself, that she was informed at Elroy, by an employee of the company, that the train did not stop at Wonewoc, and the finding of the jury that the train did not ordinarily stop there, in the absence of any express contract on the part of the companies that the plaintiff should be carried from St. Paul to Wonewoc by the same train upon which she took passage at St. Paul, leaves the plaintiff in the situation of every other person who buys a ticket for passage over the roads of the defendants. In the absence of any express contract to the contrary, the holder of the ticket is to be carried over the road, according to the reasonable rules and regulations of the company; and the company cannot be compelled to stop and discharge a passenger at a place on the road, when, by its reasonable rules and regulations, the train upon which the passenger is, does not stop there. The only duty of the companies in such case is to inform the passenger in due time of the fact that the train upon which he is then being carried, does not stop at the place to which he has purchased a ticket, and permit the passenger to leave such train at some other station on the road, from which the passenger can take passage on the first train of the company which will, according to its rules and regulations, stop at the station mentioned in the passage ticket.

As stated above, the plaintiff's right to recover anything in this action depends upon the contract made between her and the companies at the time she purchased her ticket at St. Paul. By the purchase of that ticket she obtained an undoubted right to be transported over the roads of the companies from St. Paul to Wonewoc, on the first or any subsequent train which left the depot at St. Paul, and which, by the regulations of the company, was accustomed to stop at Wonewoc to discharge passengers; or she might, if she saw fit, ride upon a train starting from St. Paul towards her destination, which did not, by the rules of the company, stop at Wonewoc; but she could not, by taking passage on such train, render it obligatory upon the company to stop at Wonewoc to permit her to leave the train there. In such case, the duty of the company would be fully discharged when it informed her that the train would not stop at such station, and permitted her to leave the train at some station before arriving at that place.

The evidence in this case does not show that the plaintiff was misled by any act on the part of the companies which caused her to believe that the train she took passage on at St. Paul would carry her directly to Wonewoc. She made no inquiries on the subject. After purchasing her ticket, she simply asked the ticket agent when the train would leave, and he told her at 12:45. She took that train without making any inquiry as to whether it would stop at Wonewoc; and it is quite evident that she would have taken the same train she did had she known that it would not stop at that place. By taking it, she would reach her destination at the same time she would had she waited for the next train which, according to the rules of the companies, stopped at Wonewoc. The train she took carried her with more speed and more comfortably than the train which stopped at Wonewoc would have done, had she waited for it. If the company was not bound to carry her to Wone-

woe on the train she started from St. Paul on, certainly she was not injured by being carried on that train to within a few miles of her destination, so far as appears from the evidence in this case.

That the regulation of the companies, in requiring the two through trains not to stop at Wonewoc and other small places on the line of their road south of Elroy, was a reasonable one, cannot, we think, be questioned. There were two other passenger trains running both ways daily, over the line of the *Northwestern* road south of Elroy, which stopped at Wonewoc, besides other mixed or accommodation trains, and it seems to us that was furnishing reasonable accommodation for persons traveling to and from the smaller towns on the line of the road. That regulations of the kind made by the defendant companies are reasonable and should be upheld by the courts is fully established by the authorities. *Chicago & A. R. Co. v. Randolph*, 53 Ill. 510; *Pittsburgh, C. & St. L. R. Co. v. Nuzum*, 50 Ind. 141; *Ohio & M. R. Co. v. Applewhite*, 52 Ind. 540; *Ohio & M. R. Co. v. Hatton*, 60 Ind. 12; *Dietrich v. Pennsylvania R. Co.* 71 Pa. St. 432; *Johnson v. Concord R. Co.* 46 N. H. 213; *Cheney v. B. & M. R. Co.* 11 Met. 121; *Boston & L. R. Co. v. Proctor*, 1 Allen, 267; *Fink v. A. & S. R. R. Co.* 4 Lans. 147; *Cleveland, C. & C. R. Co. v. Bartram*, 11 Ohio St. 457; *Yorton v. M., L. S. & W. R. Co.* 54 Wis. 234. The rule is clearly and briefly expressed by the court in *Chicago & A. R. Co. v. Randolph, supra:* "By his ticket a passenger acquires only the right to be carried according to the custom of the road; he has the right to go to the place for which his ticket calls on any train that usually carries passengers to that place, but he cannot insist on being carried out of the customary course of the road."

It is also held that it is the duty of the passenger to ascertain for himself whether the train upon which he takes passage will carry him and put him off at the destination

to which he wishes to be carried. See cases above cited. Some of the cases hold that it is the duty of the conductor "to run the trains according to public arrangements, and he has no power to change them; and a passenger has no right to infer that a conductor has any such power from his general duties as a conductor, and no reason to suppose that he can bind the railroad company by any such agreement." *Ohio & M. R. Co. v. Hatton,* and *Ohio & M. R. Co. v. Applewhite, supra.*

In order to entitle the plaintiff to recover damages in this action, it was incumbent on her to prove that she had either by express contract with some employee or agent of the companies, authorized to make the same, or according to the rules and regulations of the companies, the right to be carried from St. Paul to Wonewoc on the same train on which she took passage at St. Paul. This, we think, she failed to prove upon the trial. The jury have found that the train on which she took passage did not ordinarily stop at Wonewoc, and the proof given on the trial that it had before that time occasionally stopped there to permit passengers to leave the cars there, did not estop the company from running its train in the ordinary way, and make it its duty to stop on this occasion; and as there was no proof tending to show that the ticket agent, or any other agent of the company, had either agreed with the plaintiff that it would stop there, or done anything which can be reasonably construed into an implied agreement to carry her to that place on that train, she failed to establish a cause of action against either of the companies.

We are of the opinion that neither the evidence nor the finding of fact by the jury entitles the plaintiff to recover. We need not, therefore, consider the other questions discussed by the learned counsel for the respective parties in reference to the damages to which the plaintiff would have been entitled in case she had established a right to recover

at all.   We are, however, constrained to state that, judging from the evidence preserved in the record, the verdict for $500 was out of any just proportion to the damages sustained by the plaintiff by the delay at Elroy, had it appeared that such delay was caused by the mistake of the agents of the companies.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded to the circuit court, with instructions to enter judgment upon the special verdict in favor of the defendants.

Upon a motion for a rehearing there was a brief for the respondent by *Lusk & Perry,* and a brief for the appellants by *Jenkins, Winkler & Smith.*

The motion was denied June 24, 1885.