SCHIFFLER, by guardian *ad litem*, Appellant, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*April 8 — April 30, 1897.*

*Railroads: Injuries to minor jumping from moving train: Duty to stop at station not scheduled: Conductor's powers: Assumption of risk: Proximate cause.*

1. It is the duty of a passenger to ascertain, before boarding a train, whether it stops at his destination, and his failure in that regard imposes no duty upon the company to stop at such station contrary to the published schedule.

2. It is not within the apparent power of the conductor of a passenger train to bind the railroad company by any promise to change the published schedule of the train.

3. A boy of ordinary intelligence, seventeen years old, who had on several occasions made journeys by railroad alone, is *held* to have assumed the risk in jumping from a moving train at a station at which the train was not scheduled to stop, although the conductor had accepted his fare to that station and promised to slow up for him, and the boy thought the promise was being kept and jumped when the train did not appear to be slowing up any more.

4. The failure to stop the train in such a case was not the proximate cause of injuries received by reason of the jump.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action for personal injury. The complaint alleges that the plaintiff is an infant under the age of twenty-one years,— at the time of the injuries complained of, of the age of seventeen years; that plaintiff entered one of defendant's passenger trains at the city of Milwaukee for the purpose of taking passage thereon to the station of Jackson, in this state; that he failed to get a ticket before entering upon the train, because he was late at the train; that after the train was in motion the conductor of the train informed the plaintiff that that train did not stop at Jackson, but received his proper fare, and promised that the train would slacken its speed, without coming to a full stop, so that the plaintiff might alight therefrom at Jackson, and took and kept the fare as aforesaid of the plaintiff from Milwaukee to Jackson; "that the plaintiff had several times before August 17, 1895, paid a like fare and obtained carriage as a passenger from Milwaukee to said Jackson, and in each of said cases the train of the defendant was properly stopped at Jackson long enough for the plaintiff to alight therefrom;" that the plaintiff was "young and inexperienced, and without knowledge of such danger or appreciation of such risk" as was consequent upon an attempt to alight from a moving train; that "the plaintiff, in obedience to such suggestion of the conductor, went upon the platform of one of the coaches, and prepared to alight therefrom as soon as said train slackened its speed for that purpose, and that about the time of reaching the platform of said station at Jackson said train began to slacken its speed, and the plaintiff waited upon said platform until the train had traveled quite a distance past said station, and, believing that the speed of said train was sufficiently slackened to permit the plaintiff to alight in safety, relying on the statement of the conductor as aforesaid, the plaintiff attempted to alight from said moving train," and was injured in the manner specifically alleged in the complaint; that the conductor "carelessly and negli-

gently neglected to stop said train long enough to permit the said plaintiff to alight therefrom at Jackson, . . . and carelessly and negligently caused said train to be run by and past the said station called Jackson, and by and past the point where the plaintiff was to alight therefrom as aforesaid, at such a rapid rate of speed that injury was reasonably certain to result therefrom to any one attempting to alight from said moving train."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order sustaining the demurrer, the plaintiff brings this appeal.

For the appellant there was a brief signed by *Timlin & Glicksman* and *E. A. Conway*, counsel, and oral argument by *W. H. Timlin*. They contended, *inter alia*, that the defendant through its servants received the plaintiff as a passenger and kept the fare offered by him for his passage. Having done this a duty arose on the part of the defendant to properly and safely carry plaintiff and to set him down at the place of destination in safety, for a carrier of passengers is required to exercise the utmost care " which can be exercised under all the circumstances, short of a warranty of the safety of passengers." *Delamatyr v. M. & P. du C. R. Co.* 24 Wis. 578; *Curtis v. D. & M. R. Co.* 27 id. 158; *Hartwig v. C. & N. W. R. Co.* 49 id. 358; *Ft. Worth & D. C. R. Co. v. Kennedy,* 12 Tex. Civ. App. 654. The negligence of the conductor in failing to provide for the safety of the plaintiff was the negligence of the defendant, for the whole power of the corporation *pro hac vice* is vested in him, and as to passengers of the train he is to be considered as the corporation itself. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Bass v. C. & N. W. R. Co.* id. 450, 463; *Great Western R. Co. v. Miller,* 19 Mich. 305; *Rauch v. Lloyd,* 31 Pa. St. 358. Whether plaintiff, when informed by the conductor that the train would not stop at his destination, was

guilty of contributory negligence in leaping off while it was in motion, was a question for the jury. *Missouri, K. & T. R. Co. v. Meyers,* 35 S. W. Rep. 421; *Cincinnati, H. & I. R. Co. v. Revalee,* 46 N. E. Rep. 352; *Filer v. N. Y. C. R. Co.* 49 N. Y. 47; *McIntyre v. N. Y. C. R. Co.* 37 id. 287; *Cincinnati, H. & I. R. Co. v. Carper,* 112 Ind. 26; *Watkins v. R. & A. A. L. R. Co.* 116 N. C. 961; *Gulf, C. & S. F. R. Co. v. Brown,* 4 Tex. Civ. App. 435; *Carr v. E. R. & E. R. Co.* 98 Cal. 366. An attempt to leave a moving train does not show negligence *per se. Louisville & N. R. Co. v. Crunk,* 119 Ind. 542; *Pennsylvania Co. v. Marion,* 123 id. 415; *Geiler v. Manhattan R. Co.* 32 N. Y. Supp. 254; *Atchison, T. & S. F. R. Co. v. Hughes,* 55 Kan. 491; *Hooks v. A. & V. R. Co.* 73 Miss. 145; Wharton, Neg. § 380; *Delaware & H. C. Co. v. Webster,* 6 Atl. Rep. 841; *St. Louis, I. M. & S. R. Co. v. Person,* 49 Ark. 182; *Pool v. C., M. & St. P. R. Co.* 53 Wis. 657, 660; 2 Wood, Railway Law, 1130–1132, 1136, 1148, 1149; 2 Abbott, Dig. Corp. 598; *Eddy v. Wallace,* 49 Fed. Rep. 801; *Bucher v. N. Y. C. & H. R. R. Co.* 98 N. Y. 128; *Cousins v. L. S. & M. S. R. Co.* 96 Mich. 386.

For the respondent there was a brief by *Fish & Cary,* and oral argument by *A. L. Cary.* They argued, among other things, that where cars do not stop at their usual stopping place, and, to avoid being carried beyond his destination, a passenger, when the cars are in motion, jumps off and in doing so sustains an injury, he cannot recover. Wood, Railway Law, 1133, note 2; Id. 1136, note 3; *Damont v. N. O. & C. R. Co.* 9 La. Ann. 441; *Railroad Co. v. Aspell,* 23 Pa. St. 147; *Ill. Cent. R. Co. v. Able,* 59 Ill. 131; *Gavett v. M. & L. R. Co.* 16 Gray, 501; *Jeffersonville R. Co. v. Hendricks' Adm'r,* 26 Ind. 228; *Jeffersonville R. Co. v. Swift,* id. 459; *Davis v. C. & N. W. R. Co.* 18 Wis. 175. The complaint does not bring the case within the rule governing cases where a conductor or brakeman is present and advises or encourages a passenger to step or jump from a moving

Schiffler vs. The Chicago & Northwestern R. Co.

train, but is analogous to cases where a train does not stop at a station where it is scheduled to stop, or where the conductor has promised a passenger that the train will stop, and it does not come to a stop, and the passenger, to avoid being carried to the next station, jumps from the train while it is running at a high rate of speed and is injured.   In such cases the railroad company is not liable.   *Detroit & M. R. R. Co. v. Curtis*, 23 Wis. 152; *Secor v. T. P. & W. R. Co.* 10 Fed. Rep. 15; *Hickey v. B. & L. R. Co.* 14 Allen, 429; *Kentucky C. R. Co. v. Thomas's Adm'r*, 79 Ky. 160; *Brown v. C., M. & St. P. R. Co.* 80 Wis. 162; *Ill. Cent. R. Co. v. Green*, 81 Ill. 19; *Pennsylvania R. Co. v. Zebe*, 33 Pa. St. 318; *Jarrett v. A. & W. P. R. Co.* 83 Ga. 347; *Watson v. G. P. R. Co.* 81 id. 476; *Chicago & A. R. Co. v. Randolph*, 53 Ill. 510; *Burden v. L. S. & M. S. R. Co.* 104 Mich. 101; *Lucas v. N. B. & T. R. Co.* 6 Gray, 64.

NEWMAN, J.   In order to state a cause of action against the defendant, the complaint must allege such facts as show that the defendant failed in the performance of some duty which it owed to the plaintiff, and that such neglect of duty caused the plaintiff's accident.   It is claimed that, under the circumstances, the defendant owed to the plaintiff the duty to stop its train at Jackson, so as to permit him to alight there.   But the plaintiff's presence upon the train without a ticket, and in ignorance of the regulation which prevented it to stop at Jackson, was not through any fault or inadvertence of the defendant.   By inquiry at the station before entering upon the train, he would have learned of the regulation.   It was his duty to ascertain this for himself, and to regulate his conduct accordingly.   Even if he had bought a ticket at the station, that would not have put upon the defendant the duty to stop its train at Jackson contrary to its published schedule arrangements.   *Plott v. C. & N. W. R. Co.* 63 Wis. 511.   When he received the information that

the train would not stop at Jackson, it was too late to pre-vent a predicament. The train had left the station, and had entered upon its scheduled and advertised journey. With-out important reason, it should not be hindered or delayed. The conductor's duty, in the circumstances, was not doubt-ful. On payment of the proper fare, it was to carry the plaintiff to such station near to Jackson as the plaintiff should choose, and at which the train was scheduled to stop. It was, no doubt, the conductor's duty to run the train according to the published schedule, and he had no power to bind the company by any change from such schedule. Nor was it within his apparent power to make such change. So the plaintiff had no right to infer that the conductor had any power to bind the company by a promise to stop or slow up at Jackson. *Plott v. C. & N. W. R. Co., supra.* From these considerations, it is plain that the defendant owed to the plaintiff no duty to stop the train at Jackson. So the failure to stop the train was no wrong of which he can complain.

The only wrong which is plainly alleged in the complaint is the conductor's promise to slow up the train. The prom-ise was one which he had no right either to make or to keep. It does not plainly appear whether he in fact kept the prom-ise. It does appear that the train was somewhat slowed up. The plaintiff thought the promise was being kept. After he had been carried some distance by the station, and when it did not appear to be slowing up any more, he jumped. No one advised him that it was safe to jump. No one knew that he was about to jump. He jumped on his own judg-ment that it was safe to do so. It was certainly a rash act, and its consequence to the plaintiff was serious. Nothing but his minority could relieve the plaintiff from responsibil-ity for the act. If he had been four years older, there could be no question that he assumed and must bear the conse-quences of the act. But he was only seventeen years old. So great discretion cannot be required of him as if he had

been twenty-one years old. But it is required of him that he exercise such a degree of judgment and prudence as is ordinarily exercised by persons of similar age, experience, and intelligence. It does not appear that he was not a boy of ordinary intelligence. He lived in Milwaukee. He had on several occasions made journeys by railroad alone. He was not of such immature years as to be relieved from all responsibility for prudent conduct. His experience was such as to acquaint him with the fact that there was danger in jumping from a moving train. It must be held that he jumped at his own risk.

Even if this were not so, it is not easy to apprehend how the failure to stop the train could be the proximate cause of the plaintiff's accident. The natural consequence would be that plaintiff would be carried by the station. If this was a breach of a binding contract of carriage, it would furnish ground for appropriate damages. But that the plaintiff should jump from the train while in rapid motion was neither a natural nor probable consequence of the failure to stop the train. And so it could not well be anticipated. For that reason, it was not the proximate cause of the plaintiff's accident. *Block v. Milwaukee St. R. Co.* 89 Wis. 371.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.

Winslow, J., dissents.