The President and Directors of the Manhattan Company, Appellant, *v.* William I. Phillips et al., Respondents.

The certificate of formation of a special partnership described the business to be conducted as " a general commission business, buying and selling grain, flour and produce on commission." The notices published stated the partnership was formed "for the purpose of conducting a general commission business." In an action wherein the special partner was sought to be charged as a general partner, *held,* that there was no material variance between the two statements.

The articles of partnership, the certificate and the order of publication bore date October first, and the certificate was recorded on that day. The first publication in one of the two designated newspapers was October sixth and in the other October tenth. *Held,* that the publication was in substantial compliance with the statute requiring it to be commenced "immediately." (1 R. S. 765, § 9.)

Where one of the parties to an action calls his opponent as a witness and proves by him facts tending to show bad faith on his part in a transaction in question, the fact that such witness, in his own behalf, gives an explanation of the circumstances, which, if true, repels the presumption of bad faith, and that such explanation is not disputed by other evidence, does not authorize the court to take the case from the jury; it is for them to determine what degree of faith is to be given to the explanatory testimony.

*Prest., etc., Manhattan Co.* v. *Phillips* (21 J. & S. 84) reversed.

(Argued April 9, 1888; decided June 5, 1888.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, in favor of defendant Laimbeer, entered upon an order made March 1, 1886, which overruled exceptions taken by plaintiff at the trial and ordered to be heard in the first instance at the General Term, and denied a motion for a new trial. (Reported below, 21 J. & S. 84.)

The defendants, William I. Phillips and Laimbeer, were sued as copartners under the name of "William I. Phillips," and a recovery sought upon a promissory note dated January 3, 1884, alleged to have been made by them in that name. Laimbeer alone answered, setting up that the partnership was formed under the statutes of this state relating to "Limited Partnerships" (R. S. pt. 2, tit. 1, chap. 4); that he was a special partner merely, and subject only to such liabilities as by statute attached to one in that character.

Upon the trial of the issues the plaintiff proved the formation of a partnership between Laimbeer and William I. Phillips "for the purpose," as expressed in the written articles, "of carrying on a general produce and commission business," under the name of "William I. Phillips," in the city of New York, from October 1, 1883, to May 1, 1885; that Phillips was to be the general partner and contribute $5,000, and Laimbeer the special partner and contribute $20,000 to the capital of the concern, and a certificate which recited "that the nature of the business to be transacted is that of a general commission business, buying and selling grain, flour and produce on commission." The articles of partnership and the certificate bore date October 1, 1883, as did also the order for publication, which designated "The Daily Register" and "The Real Estate Chronicle" as the newspapers in which the terms of the partnership so formed should be published. The certificate was recorded on the same day; the first publication in the "Register" was October sixth, and in the "Real Estate Chronicle" October tenth; each stated that the firm was formed "for the purpose of conducting a general commission business."

At the close of the evidence the plaintiff's counsel moved the court to direct a verdict for the plaintiff upon the grounds as stated by him.

(1.) "That the publication in The Real Estate Chronicle did not commence, according to the affidavit of publication, until the 10th day of October, 1883, and, therefore, there was not an immediate publication, and, therefore, there was no compliance with the statute."

(2.) " That there is a material variance between the statement of the nature of the business to be transacted, as embodied in the certificate that was filed and recorded on the 1st of October, 1883, and the statement of the nature of the business as embodied in the advertisements introduced in evidence."

This motion was denied. The plaintiff had also given evidence as to the circumstances attending the payment by the special partner of his contribution to the capital of the concern, and its counsel asked to go the jury upon the question of the *bona fides* of that payment. This also was denied, and then a more explicit request was made for permission " to go to the jury on the question, whether or not the $20,000 that was paid in on the 1st of October, 1883, by Mr. Laimbeer was not paid in upon the understanding that it should find its way back to him, either through the preceding firm of Phillips & Co., or in some other way."

This was denied upon the ground, as stated by the trial judge, " that there is no evidence that would justify such a finding by the jury." Exception to each of the above rulings was duly taken, and the court then directed a verdict in favor of the defendant Laimbeer. To this the plaintiff also excepted. A verdict was rendered as directed.

Further facts appear in the opinion.

*Nathaniel Myers* for appellant. The publication of the terms of partnership was not commenced " immediately" within the terms of the statute. (1 R. S. 764, § 9; *Bowen* v. *Argall*, 24 Wend. 496, 502 ; *Sheldon* v. *Wright*, 7 Barb. 45 ; *Smith* v. *Argall*, 6 Hill, 479, 482.) The notices published in the newspapers did not correctly set forth the business intended to be transacted. (*Jackson* v. *Stackhouse*, 1 Cow. 122 ; *McIntyre* v. *Williamson*, 1 Edw. 38 ; *Payler* v. *Homersham*, 4 Man. & Sel. 425 ; *Van Hagen* v. *Van Rensselaer*, 18 Johns. 420 : *Elmendorf* v. *Lansing*, 5 Cow. 470 ; 8 Wend. 494 ; 1 Barb. 398 ; *Durant* v. *Abendroth*, 69 N. Y. 148, 154.) Plaintiff was allowed to go to the jury on the question of the

*bona fides* of the contribution. (*Met. Bk.* v. *Sirret*, 97 N. Y. 320; *McNulty* v. *Hurd.* 86 id. 547; *Becker* v. *Koch*, 104 id. 394; *Lineweaver* v. *Slagle*, 64 Md. 465, 485, 487.) The plaintiff's exception to the court's direction of a verdict in Laimbeer's favor brings up every point in the case, and alone entitles plaintiff to a reversal if for any reason the court should not have given such a direction. (*Train* v. *Holland*, 62 N Y. 598, 604.)

*Benjamin F. Tracy* for respondents. The plaintiff having chosen to call the defendant as his own witness to establish his case, it does not lie in his mouth now to say that the jury are at liberty to disbelieve him and find a verdict against his own uncontradicted testimony. (1 Greenl. on Ev. § 442; *Thompson* v. *Blanchard*, 4 N. Y. 311; *Coulter* v. *Express Co*, 56 id. 585–589.) Assuming that the jury were at liberty to disregard the evidence of the defendant given on behalf of the plaintiff, still the plaintiff's case must fail, the burden being upon him to prove facts sufficient to impeach the *bona fides* of the payment of the capital. (*Met. Bk.* v. *Sirret*, 97 N. Y. 328.) In the formation of a limited partnership all the law requires is good faith and a substantial compliance with the statute. (*Madison Co. Bk.* v. *Gould*, 5 Hill, 311, 312.)

Danforth, J. We agree with the court below that the publication of the certificate was in substantial compliance with the statute, and that there was no material variance between the statement as to the nature of the business to be conducted as the same was embodied in the certificate and the description given in the advertisements. We are, however, of opinion that the jury should have been permitted to inquire whether the money of the special partner was paid in good faith as a real contribution to the capital of the concern or whether it was formal only. Both parties went into evidence. The principal witness called for the plaintiff was the defendant Laimbeer. From his evidence and the documents put in during his examination, it appeared that the firm of Phillips

& Co. was formed on the 1st day of June, 1882; that it continued in existence until October 1, 1883, when by mutual consent of the copartners it was dissolved; that on the same day a copartnership was formed under the name of William I. Phillips. The defendant Laimbeer was a special partner in the firm of William I. Phillips & Co., putting in $20,000. He was also a special partner in the firm of William I. Phillips and was to pay in as capital for that firm the sum of $20,000. William I. Phillips was one of two general partners in the first named firm, and was the sole general partner in the last. On the first of October Laimbeer made a check on the New York Produce Exchange Bank for $20,000, payable to the order of ——————, presented it to the paying-teller and for it received twenty bank bills, each of $1,000. These bills were on the same day, "about noon," handed by him to "William I. Phillips," and the transaction constitutes the alleged payment in of the capital of the firm of "William I. Phillips." On the same day William I. Phillips, in the name of "William I. Phillips & Co." drew its check on the Manhattan Bank for $20,000 to the order of R. H. Laimbeer and delivered it to him, and the teller says, "I received it about noon, I think." He deposited the check the same day in the Produce Exchange Bank and it was passed to his credit. Without it his account would have been good for less than $14,000, and the payment of the check given by him to Phillips would have overdrawn that account. It appears that there were two deposits to the credit of Phillips & Co. in the Manhattan Bank on the first of October, one of $20,000, the other of $1,572.54. On the next day, October second, a check of Phillips & Co. for $20,000 came in through the clearing house. Evidence was offered to show that on the 1st of October, 1883, the firm of Phillips & Co. was insolvent, and that on the same day a check signed William I. Phillips for $20,000, to the order of Phillips & Co., was deposited to its credit. In the absence of some explanation it might be inferred from these facts that the transactions of October first were simultaneous; that the intention was to use the capital contributed

to the firm of "William I. Phillips" to make Laimbeer good for the capital contributed by him to the firm of William I. Phillips & Co. If so, the payment could not be upheld as one made in good faith, for the new firm would have had only the sight of money but no continued possession, nor any benefit from it. The appropriation would have been made before its formation. (*Metropolitan Nat. Bank* v. *Sirret,* 97 N. Y. 320.)

It is true an explanation was given, one which the appellant concedes might, in some view, authorize a jury to find in favor of the defendant and so uphold the transaction. But because that explanation came from a witness called by the plaintiff, the court, notwithstanding that witness was the defendant, held the explanation must be taken as true, made the concession of the plaintiff final, and so disposed of the issue without the intervention of the jury.

A similar ruling was presented in *Becker* v. *Koch* (104 N. Y. 394), upon the evidence of a party interested and called by his adversary under circumstances, in their effect, not unlike those now before us, and it was held to be proper for the jury to determine as to what degree of faith should be given to the explanatory testimony. The principle of that case governs and requires that the appeal should succeed.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.