STEPHEN M. CHESTER, Respondent, v. FRANCOIS HENRY JUMEL et al., Appellants.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Witnesses. Credibility.*—A referee may believe the portion of the testimony of a witness which he deems to be worthy of confidence, and reject the residue.
2. *Same.*—He may discredit the testimony of parties and interested witnesses.

Appeal from a judgment entered upon the report of a referee.

*Everett P. Wheeler*, for appellants.

*Douglas Campbell*, for respondent.

DANIELS, J.—By the judgment which has been recovered, there was allowed to the appellant his commissions as trustee upon the proceeds of the property recovered in the action. There was also allowed to him the sum of $5,000, to be paid to his attorney for services performed by him. It was claimed upon the trial, however, that the appellant Elliott should receive the sum of twelve per cent. upon the moneys realized by virtue of an agreement made between himself and the defendant Chambrun. The referee rejected this claim, apparently because of the unsatisfactory nature of the evidence given to sustain it. This evidence was obtained from the witnesses Elliott and Chambrun. That of the former was not consistent with the answer first interposed by him in the action. Neither was it with the statements proved to have been made by him, concerning the expected amount of his compensation ; nor did it agree in the extent of the claim with the testimony of the defendant Chambrun. That given by each of these witnesses, in view of the other testimony, was not conclusively controlling upon the referee. These witnesses were interested in the maintenance of this claim, and their evidence for this reason was subject to the qualification that it could be discredited if the referee considered that to be the just view of its effect. Gildersleeve *v.* Landon, 73 N. Y. 609.

He did so regard the testimony of these witnesses, and, for that reason, disallowed the percentage claimed under the alleged agreement. And that he was justified in doing by the well-settled principle relating to the testimony of parties and interested witnesses.

And the case is not excluded from the operation and effect of that principle by reason of the circumstance that

the referee placed some reliance in other respects upon the testimony of these two persons. That, it is evident, he did, because of some of the conclusions adopted by him. But the fact that he believed the witnesses to be truthful as to those matters, did not require him to accept their testimony as to the agreement itself, which he evidently considered not to have been proven. Upon this subject the rule permitted him to believe that part of the evidence of the witnesses which he deemed to be worthy of confidence, and to reject the residue. Becker *v*. Koch, 104 N. Y. 394; 5 N. Y. State Rep. 688; President, etc., *v*. Phillips, 109 N. Y. 383; 16 N. Y. State Rep. 199.

This part of the case depended wholly upon the credibility of these witnesses, and as that was not considered to be reliable by the referee, because of the manner of their testifying, and of their interest in the subject of this part of the litigation, the referee was justified in rejecting this further claim for commissions.

For the same reasons the referee was also supported in his conclusions not to advance the allowance made to the attorney so far as to include the additional $3,000 claimed in his behalf. In each respect the case presented no more than a fair question of fact, and the conclusions of the referee are entitled to be supported by the court.

The judgment, so far as it is drawn in question by this appeal, should be affirmed, with costs.

VAN BRUNT, Ch. J., concurs.