BARNETT BREWSTER, Appellant, *v.* THE INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

(Supreme Court, Appellate Term, July, 1910.)

Master and servant — Liability for injuries to third persons — Relation of parties.

> A street railway company, by procuring its employee to be designated a special officer, cannot relieve itself of responsibility for his acts within the scope of his employment.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York dismissing the complaint at the close of the plaintiff's case.

Stuart G. Gibboney, for appellant.

James L. Quackenbush (B. H. Ames and John Montgomery, of counsel), for respondent.

SEABURY, J.    The complaint sets forth two causes of action; the first for an assault committed on the plaintiff by the defendant's servant, and the second for malicious prosecution.    The plaintiff, who was a tailor by trade, on his way home from work entered the elevated station of the defendant at Third avenue and Eighteenth street.    He had paid for his ticket and dropped it in the box and was standing on the platform waiting to board a car.    The evidence shows that a special officer named Kellerman said to the plaintiff:    "If you keep on pushing I will smash your head off."    The plaintiff replied:    "Go ahead and do it."    Kellerman then struck the plaintiff in the face, grabbed him and clubbed him over the head.    Plaintiff was knocked down, his head was split open and covered with blood.    The court below dismissed the complaint on the ground that, Kellerman being a special officer, the defendant was not liable for his acts.    It appears that Kellerman was appointed a special officer upon the request of the defendant who, in its application, stated that it was necessary that a special officer should be appointed "to maintain order on station platforms and for the protection of life and property."    The defendant paid for Kellerman's shield and cap and also paid him his salary.    Kellerman was assigned to the Eighteenth street station by the defendant's superintendent.    The plaintiff attempted to show in greater detail the directions which the defendant's superintendent had given Kellerman and more precisely what his duties were. This evidence was excluded by the trial court.    The evidence sought to be introduced was admissible and was improperly excluded.    Even in the absence of such evidence, we think that it was error to dismiss the complaint.    Kellerman was primarily an employee of the defendant and the fact that incidentally he was a public officer did not relieve the defendant from responsibility for his acts.

## 350 BREWSTER v. INTERBOROUGH R. T. CO.

The defendant selected him, caused him to be designated a "special officer," paid his salary, assigned him to work, and required him to do that which it was under a duty to perform. I do not understand that the fact that Kellerman was a "special officer" gave him any greater authority than he would have had if he had been merely an employee of the defendant. If Kellerman had been merely an employee of the defendant, there is no doubt that, upon the evidence disclosed, the defendant would be liable for his acts. Nor could it, under such circumstances, avoid liability upon the plea that Kellerman's acts were not within the scope of his employment.

The defendant as a common carrier owed a duty to its passengers that its employees should treat them in a decent manner and protect them from attack. Where the employee of a common carrier violates this rule and commits an assault upon a passenger, the carrier is liable. Busch v. Interborough Rapid Transit Co., 187 N. Y. 388, 392. Nor does the fact that Kellerman was a "special officer" in any way alter the situation or relieve the defendant from its liability. It would be preposterous to hold that, because the defendant caused its employee to be designated as a "special officer," it was thereby relieved of responsibility for his acts.

If by virtue of his designation as a special officer Kellerman became a public official, his duty to the public was thereby increased, but the defendant was not relieved from the same responsibility for his acts that it would be under for the acts of any other of its employees. It would indeed be an anomaly if the fact that the public power had been used to designate the employee of the defendant a public officer should relieve the defendant of responsibility for the acts which its employee performs in attempting to discharge his duties to it.

In Sharp v. Erie R. R. Co., 184 N. Y. 100, the defendant was held liable for the act of a special officer employed by it to protect its yards in shooting a boy who was stealing a ride. In that case the court said: "A railroad company employing a servant who happens to be a public officer

acquires no immunity from such employment. Constables and policemen are often employed by corporations in the same capacity as Wheeler was. It is not beyond the province of a jury in such a case to find that the official acts of the employee are to be used for the benefit of the defendant and in protection of its interests or property. And hence, in such a case, the character of the servant's act is to be determined in the same way and upon the same principles as if he was not a public officer at all."

The contention of the defendant that the assault was provoked by the plaintiff and that, therefore, the defendant is not liable, even if the officer was acting within the scope of his employment as defendant's servant, finds no support in the record. Upon the motion to dismiss the complaint the plaintiff was entitled to the most favorable inferences to be drawn from the evidence. The court clearly erred in taking the case from the jury. Nor can the reply of plaintiff to the threat of Kellerman, " Go ahead and do it," be held to constitute justification, as a matter of law, for the assault which was committed. Railroad corporations are supposed to be in a sense public servants. Their employees are supposed to promote the convenience of the public. It would, indeed, be a parody upon justice if a passenger, grossly assaulted as the plaintiff appears to have been, could not even have his case submitted to a jury.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.