FRED DUNSTON, Appellant, *v.* PHILIP GREENBERGER, Respondent.

Third Department, June 19, 1923.

Motor vehicles — action for injuries suffered when plaintiff's automobile struck tree — defendant's automobile was ahead going in same direction, and as plaintiff started to pass, defendant turned to left — truck was ahead of defendant about two hundred feet — plaintiff's daughter was in driver's seat but plaintiff held wheel — error to dismiss complaint at close of plaintiff's case.

In an action to recover damages for injuries suffered when plaintiff's automobile ran into a tree on the side of the highway and overturned, it appeared that the plaintiff was teaching his daughter, who was fourteen years of age, to drive the automobile; that as they approached the defendant's automobile from the rear, plaintiff's daughter sounded the horn and at the same time the plaintiff took the wheel while the daughter had control of the foot brake, clutch and gas; that defendant turned his automobile to the right but as plaintiff started to pass he turned it back again to the left and, in order to avoid collision with defendant's automobile, plaintiff turned his automobile to the left and ran into the tree; and that there was a truck going in the same direction about two hundred feet ahead of defendant's automobile.

*Held,* that it was not unlawful for the plaintiff to allow his daughter to drive his automobile when he was with her;

That when the defendant turned to the right after the signal, the plaintiff was justified in attempting to pass him, and the distance of the truck ahead of the defendant did not justify him in turning back to the left for the purpose of passing it.

It cannot be said, as a matter of law, that the accident happened because the daughter was in control of the brake, clutch and gas while the plaintiff was steering the automobile, and it was error, therefore, to dismiss the complaint at the close of the plaintiff's case.

APPEAL by the plaintiff, Fred Dunston, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Saratoga on the 20th day of October, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the appellant

*J. Edward Singleton,* for the respondent.

VAN KIRK, J.:

In this negligence action, at the close of the plaintiff's case, a nonsuit was granted because of contributory negligence. The defendant was in a Ford coupe driving southerly from Saratoga Springs toward Ballston Spa. The plaintiff, in a Chevrolet car, was following. The plaintiff was in the front seat beside his daughter, then fourteen years of age, who was driving the car. The accident occurred June 5, 1922, about six o'clock P. M. The road is a macadam road, with a dirt shoulder about three feet wide. There was a large maple tree on the east side of the road, at the point of the accident, about two or three feet east of the shoulder of the road. The surface of the ground, however, is practically level between the macadam and the tree. The road is straight for a considerable distance in either direction from the point of the accident. When the plaintiff's car overtook the defendant's, the plaintiff's daughter sounded the horn. Defendant's car was then about in the center of the macadam. Defendant did not turn to the right and plaintiff's car ran for some distance further behind it. Then the plaintiff moved along in the seat and put both hands upon the wheel while the daughter remained in a position such that she could control the foot brake, clutch and gas. The daughter gave a long sound with the horn, when the defendant began turning to his right and so continued until his left wheels were to the right of the center of the road. The daughter then put her foot on the accelerator and plaintiff turned the car to pass; the car then going about twenty-five miles an hour. As the front of plaintiff's car came opposite the rear of the defendant's car, defendant began turning to his left and plaintiff turned further to his left. When the daughter saw this movement and felt that the cars might collide, she put her feet with full strength upon the brake and clutch. The right side of the plaintiff's car came in contact with the left side of the defendant's car; plaintiff turned slightly to his left and the wheels of his car struck the maple tree, causing the car to overturn. A truck was going south ahead of the defendant's car. The plaintiff testifies that, at the time of the accident, it was about 200 feet ahead. The man driving the truck testified that he paced the distance from where his truck stood to the place where a woman lay who had fallen from the plaintiff's

car at the time of the accident and found it fifty-seven paces, or about 170 feet.

The jury would have been justified in finding the facts as above stated. We conclude that a nonsuit should not have been granted. It was not unlawful for the plaintiff to allow his daughter to drive the car when he, the owner of the car, was with her. (Motor Vehicle Law, Highway Law, § 282, subd. 2, added by Laws of 1910, chap. 374, as amd. by Laws of 1921, chap. 580.) When one vehicle overtakes another upon the highway and the driver of the over-taking vehicle signals a desire to pass, it is the duty of the driver of the overtaken vehicle to turn to the right so as to allow the overtaking vehicle a reasonable space in which to pass, or to warn by signal the impossibility of such passage. (Gen. Highway Traffic Law, § 12, subd. 8.) The plaintiff gave a long signal of his desire to pass; the defendant bore to the right, indicating that he had heard the signal; the jury could have found that the defendant must have seen the plaintiff's car near his side and before the accident. When, after the signal, the defendant swerved to the right, the plaintiff was justified in attempting to pass. The distance of the truck ahead of the defendant did not justify him at the time in turning to the left for the purpose of passing it. (See Gen. Highway Traffic Law, § 12, subd. 7.) It cannot be said as a matter of law that the accident happened because the daughter was in control of the gas and the brakes, while the father was steering the car. The evidence does not require such a conclusion.

In determining whether or not there was contributory negligence, the circumstantial evidence as well as the testimony of witnesses is to be taken into consideration; and where contrary inferences upon this question may be drawn by men of ordinary prudence from the evidence and the circumstances that are established, the question is for the jury and not for the court. (*Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.