CARMINE DE CICCO, as Administrator, etc., of EMMA DE CICCO, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

CARMINE DE CICCO, as Administrator, etc., of ROSINA DE CICCO, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

*Railroads — action to recover for death of plaintiff's intestates, two infants — action is under Code of Civil Procedure, § 1902 (now Decedent Estate Law, § 130) — imputed negligence as defense.*

Appeal by the plaintiff, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the defendant, entered in the Ulster county clerk's office on March 31, 1922, upon the verdict of a jury of no cause of action, and also from an order entered in said clerk's office on April 4, 1922, denying plaintiff's motion for a new trial made upon the minutes.

Judgments and orders affirmed, with costs. Cochrane, P. J., H. T. Kellogg, Hinman and McCann, JJ., concur; Hasbrouck, J., dissents, with an opinion.

HASBROUCK, J. (dissenting): The above-entitled action is one brought under section 130 of the Decedent Estate Law.* There is no provision in that section regulating contributory negligence as a defense. In section 131* there is such a regulation. It provides, among other things, "on the trial of an action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant." The description in the statute of the contributory negligence available to the defendant as a defense is limited to that of the "person killed." Imputed negligence is always the negligence of another person cast by law upon the injured. The right of recovery, therefore, it seems to me can only be defeated by such contributory negligence as that of the person killed. It is clear too that the custody of the children killed, if they be held to be *non sui juris,* was not in the father but in their twenty-one-year old brother and that the only negligence the jury should have been permitted to have considered was his negligence. (*Lewin v. Lehigh Valley R. R. Co.,* 52 App. Div. 69; affd., 165 N. Y. 667.) It was lawful for Frank De Cicco, whose duty it was to take the deceased children to or bring them away from school, while he sat beside his sister Theresa, to let her drive the car. (*Dunston v. Greenberger,* 205 App. Div. 780.) I think the instructions are erroneous for the reasons above stated and because they should have been given on the subject of the imputed negligence of Frank De Cicco in whose custody the children were at the time of the accident, rather than of the father. I vote for a reversal.

----

Before STATE INDUSTRIAL BOARD, Respondent. HIRAM J. ANTHONY, Claimant, Respondent, *v.* ANTHONY-VAIL TOOL AND MACHINE COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of *LeClear v. Smith* (207 App. Div. 71), decided herewith. Cochrane, P. J., H. T. Kellogg, Hinman, Hasbrouck and McCann, JJ., concur.