HARRY GREENFIELD, an Infant, by BARNETT KELCHEFSKY, His Guardian ad Litem, Appellant, v. SAMUEL BRAGMAN and Another, Doing Business as FULTON CORNICE AND SKYLIGHT WORKS, Respondents, Impleaded with ISAAC GUSS, Defendant.

First Department, April 4, 1924.

Master and servant — action by infant struck by ladder forming part of fire escape on building adjoining one on which defendant's employee was working — ladder caused to fall by said employee stepping thereon — error to dismiss complaint on ground that said employee in stepping upon ladder was not within scope of employment — negligence of employee presented question of fact for jury.

Where the employee of a contractor engaged in repairing the cornice of a building, for his own convenience placed his tools which, though owned by him, were necessary to the performance of his employer's work, on the cornice of an adjoining building and, in recovering such tools, stepped upon a ladder which was a part of the fire escape structure of such adjoining building and the cable suspending the end of the ladder broke under his weight permitting the ladder to fall or swing down and strike the infant plaintiff who stood upon the sidewalk, it was error to dismiss the complaint at the close of the plaintiff's case upon the ground that said employee in stepping upon the ladder was not acting within the scope of his employment. The question whether said employee was negligent in stepping upon the ladder should have been submitted to the jury.

APPEAL by the plaintiff, Harry Greenfield, from a judgment of the Supreme Court in favor of the defendants Samuel Bragman and Sigmund Wagreich, entered in the office of the clerk of the county of New York on the 19th day of June, 1923, upon

the dismissal of the complaint at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 9th day of July, 1923, denying the plaintiff's motion for a new trial made upon the minutes.

*Benjamin Levine* [*Harold R. Medina* of counsel; *Moses Feltenstein* with him on the brief], for the appellant.

*Frederick Mellor,* for the respondents.

FINCH, J.:

The defendants, respondents, Bragman and Wagreich, contractors, were engaged in repairing the cornice of a building. One of their workmen for his convenience placed his tools on the cornice of a building adjoining the one upon which he was working. In order to recover the tools he found it convenient to step upon a ladder which was part of the fire escape structure of such adjoining building. This ladder was suspended horizontally, one end attached to the building by a hinge, and the other end free but held above the sidewalk by a cable passing over a pulley above and made fast to said building. The cable broke under the weight of the respondents' employee, and the free end of the ladder fell or swung down, striking the infant plaintiff who stood upon the sidewalk.

The complaint was dismissed on motion at the close of the plaintiff's case, upon the ground that in stepping upon the ladder the employee was not acting within the scope of his employment, but was guilty of an act of trespass for which the respondents were not responsible.

While the workman was furnished with a ladder by the respondents, the tools used were owned by the workman. They were, nevertheless, necessary to the performance of the respondents' work. They were placed on the adjoining cornice so as to be out of the way while the workman painted. Their placing and removal were incidents of the work, and relate to the manner of its performance rather than constitute a deviation from said work. The correct rule is stated clearly in *Jones* v. *Weigand* (134 App. Div. 644) as follows: " The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions. If the servant for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable; but to constitute an abandonment of the service the servant must be serving his own or some other person's purposes wholly independent of his master's business."

Moreover, if different inferences could be drawn from the facts

proven as to whether the act of the respondents' employee was within the scope of his employment, the question should have been submitted to the jury as a question of fact under proper instructions. (*Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100.)

The respondents contend, further, that no negligence on the part of their employee was proved. In this connection, it appears that the cable supporting the ladder was secured by a few strands of rusty wire, and the cable itself was so rusted that it broke in several pieces when the ladder fell down. Whether said employee was negligent in stepping upon a heavy iron ladder horizontally suspended without looking to see how it was secured, coupled with his testimony that he understood the character of such ladders and knew that if it was not secured it would go down under his weight, presents a question of fact for the jury to pass on.

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, SMITH, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.