SAM GARRICOTT, Respondent, *v.* NEW YORK STATE
RAILWAYS, Appellant.

Carrier — right to make and enforce reasonable regulations
for the conduct of its business — a direction by the inspector
of street railroad that women should be allowed to get on a
street car before men — such direction reasonable — inspec-
tor justified in pulling man from car who disobeyed the
direction — when railroad company liable for alleged assault
of the inspector.

1. A common carrier has the common-law right to make reasonable
regulations and directions, not inconsistent with the regulations of
the state, for the conduct of its business. The reasonableness of a
regulation of a carrier is in this state a question of law to be determined
by the court.

2. A direction or regulation, although reasonable, must be reasonably
enforced. An excess of force beyond that degree, made with an
honest purpose of doing a duty put upon him by the defendant,
without willfulness, or malice, or purpose of his own, does not take
an employee beyond the scope of his employment, but subjects the
employer to liability.

3. A trolley car stopped in front of a crowd of operatives who
were leaving a factory for their homes. An inspector of the defendant
standing at the entrance to the car directed that women should be
allowed to get on first. Plaintiff ignored the direction, mounted the
steps and reached the platform of the car. The inspector took hold
of him by the lapel of his coat, pushed him off the car and gave him
a kick at the same time. This action is brought to recover damages
for the assault. The court charged that the defendant was guilty
of assault and battery and that the jury could consider only the
question of damages and refused the request to charge that the
women be allowed to enter the car first was a reasonable request,
and one which the defendant's servants were justified in enforcing,
using no more force than was reasonably necessary. *Held*, that the
direction of the inspector was a reasonable one, and that the charge
and failure to charge were erroneous.

*Garricott* v. *New York State Railways*, 167 App. Div. 953, reversed.

(Argued January 17, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,

entered April 19, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Warnick J. Kernan* for appellant. The court erred in its charge that defendant was guilty of an assault as matter of law. (*Commonwealth* v. *Power,* 7 Metc. 596; *Peck* v. *N. Y. C. & H. R. R. R. Co.,* 70 N. Y. 587; *Bell* v. *N. Y. & Q. County Ry. Co.,* 96 App. Div. 594; *Vedder* v. *Fellows,* 20 N. Y. 126; *Putnam* v. *B. & S. A. R. R. Co.,* 55 N. Y. 109; 2 Hutchinson on Carriers [3d ed.], § 1005; *Ganiard* v. *R. C. & B. R. R. Co.,* 50 Hun, 22; 121 N. Y. 661; *Gordon* v. *West End Ry. Co.,* 175 Mass. 181; *Smith* v. *St. Paul City Ry. Co.,* 32 Minn. 1; *W. & A. R. R. Co.* v. *Voils,* 98 Ga. 446, 452; *Rogers* v. *Kennebec Steamboat Co.,* 86 Me. 261.)

*H. C. Sholes* for respondent. There was no error in the charge of the court that the defendant was guilty of an assault. (*Vedder* v. *Fellows,* 20 N. Y. 126; *Avery* v. *N. Y. C. & H. R. R. R. Co.,* 121 N. Y. 31; *Barker* v. *C. P., N. & E. R. R. R. Co.,* 151 N. Y. 237; *Hibbard* v. *N. Y. & E. R. R. Co.,* 15 N. Y. 455.) The charge was proper under the pleadings. (*Bradner* v. *Faulkner,* 93 N. Y. 515; *Knox* v. *Commercial Agency,* 40 Hun, 508; *MacDonnell* v. *McConville,* 148 App. Div. 49; 210 N. Y. 529.)

COLLIN, J. The action is to recover damages for an assault. The transaction constituting the assault as proved by the plaintiff was: In October, 1913, a car of the defendant reached the factory of the Sauquoit Spinning Company at Capron, New York. Capron is about four miles from Utica, where the plaintiff resided. The car was a special car to leave Capron at five o'clock and fifty-five minutes in the afternoon for Utica and

to be followed by the regular car, scheduled to leave Capron at six o'clock and two minutes. The spinning company employed about three hundred and fifty operatives, a large number of whom were women residing in Utica. As the special car stopped in front of the crowd of operatives waiting to mount it to allow them to do so, a Mr. Berger, an inspector of the defendant, stepped from it, took a position at the foot of the entrance steps and directed that the women should be allowed to get on first. The plaintiff ignored the direction, mounted the steps and reached the platform of the car. Berger then took hold of him by the lapel of his coat, pushed him off the car and gave him a kick at the same time. Berger was an inspector of transportation, supervisor of the operation of the car and the superior of the conductor. The jury rendered a verdict in favor of the plaintiff and the consequent judgment was affirmed by the Appellate Division.

The question presented to us is, did the trial court err in its charge. It charged: " The court charges you that upon all the evidence in the case the defendant was guilty of assault and battery. There is, apparently, no dispute upon the issue of the defendant's employee having laid hands upon the plaintiff here, and that constitutes an assault and battery, so that you come down, when you take up the consideration of this case, simply to the question of the amount of damages." The defendant's counsel excepted to this charge, and asked the court to charge the jury " that the request that the ladies be allowed to enter the car first was, under the circumstances disclosed in this case, a reasonable request, and one which the defendant's servants were justified in enforcing, using no more force than was reasonably necessary." The court declined the request and the defendant excepted.

The plaintiff testified that he heard the direction uttered

by Berger. In declaring it, Berger represented the defendant. In the enforcement of order on the car or among those entering it as passengers, in the pronouncement and enforcement of directions or orders reasonably adapted to secure the safety, care and comfort of the passengers *in transitu* and the security of the car and its passage, the officer or officers in charge of it are to be considered as the corporation itself, except as their authority was restricted by the rules and regulations established by it. It was their duty to care for and protect the passengers and the power to direct and control must be commensurate with that duty. (*Higgins* v. *Watervliet Turnpike & R. R. Co.*, 46 N. Y. 23; *Vedder* v. *Fellows*, 20 N. Y. 126; *McMillan* v. *Federal Street & P. V. P. Ry. Co.*, 172 Penn. St. 523; *Commonwealth* v. *Power*, 7 Metc. 596.) The persons seeking at the steps of the car to board it were, in the act of boarding, under the care and control of the defendant. When a person presents himself at the entrance of a standing street car, with the purpose, disclosed to and recognized by its conductor or officer in charge, of entering it as a passenger, and, as the car stands to enable the purpose to be carried out, the act of entering is begun, the relation of passenger and carrier exists between them. The person has offered himself as a passenger and has been accepted as such. The carrier has received him to be properly cared for. (*Webster* v. *Fitchburg Railroad Co.*, 161 Mass. 298; *Gordon* v. *West End Street Ry. Co.*, 175 Mass. 181; *Duchemin* v. *Boston Elevated Ry. Co.*, 186 Mass. 353; *Lauchtamacher* v. *Boston Elevated Ry. Co.*, 214 Mass. 103.) A common carrier has the common-law right to make reasonable regulations and directions, not inconsistent with the regulations of the state, for the conduct of its business. Regulations and directions are reasonable which are suitable to enable the carrier to perform the duties it has undertaken, to secure to

itself its just rights and to conserve the safety, convenience and comfort of its passengers. (*Commonwealth* v. *Power*, 7 Metc. 596; *Renaud* v. *New York, N. H. & H. R. R. Co.*, 210 Mass. 553.) If the direction of Berger in the instant case was, under the circumstances, reasonable and appropriate, the plaintiff was bound to comply with it. While judicial opinion is discordant in considering whether the reasonableness of a regulation of a carrier is a question of law for the court or one of fact for the jury or a mixed question of law and fact, in this state it is a question of law to be determined by the court. (*Montgomery* · v. *Buffalo Ry. Co.*, 165 N. Y. 139; *Vedder* v. *Fellows*, 20 N. Y. 126; *Avery* v. *New York Central & Hudson R. R. R. Co.*, 121 N. Y. 31, 44.)

The direction of Berger was reasonable. A crowd of people, many of whom were women, stood waiting and eager to board the car. It was proper and necessary, both for the defendant and for the people, that order and decorum should be maintained while they entered the car. Order was essential to the expeditious and safe loading of the car. In the struggling and pushing crowd, women were at a disadvantage in gaining entrance to the car and in protecting themselves against harmful and discomforting treatment.

A direction or regulation, although reasonable, must be reasonably enforced. The officer or officers in charge of the car could use the force and compulsion requisite to secure compliance with the direction. They could lawfully use the degree of force needful to effect the result sought. An excess of force beyond that degree, by Berger, made with an honest purpose of doing the duty put upon him by the defendant, without willfulness, or malice, or purpose of his own, did not take him beyond the scope of his employment for the defendant and did subject the defendant to liability. The evidence relating to this aspect of the case presented questions for the

jury. (*Peck* v. *New York Central & H. R. R. R. Co.*, 70 N. Y. 587; *Sharp* v. *Erie Railroad Co.*, 184 N. Y. 100; *Morris* v. *Atlantic Ave. R. R. Co.*, 116 N. Y. 552; *Monnier* v. *New York Central & H. R. R. R. Co.*, 175 N. Y. 281; *Coombs* v. *Southern Wisconsin Ry. Co.*, 162 Wis. 111.) The exceptions of the defendant taken at the trial, referred to by us, were valid. The charge and the refusal to charge pointed out by them were erroneous.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, CUDDEBACK, McLAUGHLIN and CRANE, JJ., concur; HOGAN, J., dissents.

Judgment reversed, etc.