CAMPBELL, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY
& LIGHT COMPANY, Respondent.

*February 7—April 29, 1919.*

*Carriers: Rules and regulations: Enforcement: City passenger ex-*
    *cluded from interurban car: Action for damages: Question*
    *of franchise not involved: Reasonableness of rules: Railroad*
    *commission.*

1. A common carrier of passengers may adopt reasonable rules and
    regulations for the management of its business and use the
    necessary amount of force to secure their observance.
2. A company which operated both urban and interurban cars upon
    the streets of a city had the right to make and enforce a rule
    by which the interurban cars were reserved for interurban
    traffic only and city traffic excluded therefrom, such a separa-
    tion of urban and interurban service having been approved as
    proper by the railroad commission.
3. One who, in the enforcement of a rule excluding urban traffic
    from interurban cars, was prevented, in a city, from entering
    and becoming a passenger in an interurban car, cannot, in an
    action for damages based on such exclusion, test the question
    whether the company had a proper franchise for the running
    of its interurban cars on the street in question.
4. Any question as to the reasonableness of such a rule should be
    determined first in a proceeding before the railroad commis-
    sion, before resort is had to the courts.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing plaintiff's com-
plaint.

The plaintiff seeks to recover damages as a result of hav-
ing been forcibly prevented from entering one of defendant's
cars by the conductor in charge. On May 18, 1916, the
plaintiff attempted to become a passenger, being ready to pay
his fare, on one of the cars used by defendant in interurban
traffic between Kenosha and Racine to and into the city of
Milwaukee. It had been running such cars for more than
twenty years between such points, Milwaukee being the
northern terminus. Some time prior to the occurrence com-

plained of the defendant had filed with the railroad commission of this state its printed schedule of its rules as to the conduct and management of such interurban cars on this line. Among such provisions was one to the effect that north-bound trains must not stop to pick up passengers after passing Kinnickinnic and Pryor avenues in said city of Milwaukee. This designated point was south of the place where plaintiff sought to enter this north-bound car, thus making the place of such proposed entry within the territory covered by such excluding regulation. The place of attempted entry was at a street crossing in the city of Milwaukee which was a regular stopping place for such interurban cars and where they discharged passengers who came from outside the city, and it was also a regular stopping place for both the receiving and discharging of passengers on its urban cars, which also used the same tracks. Plaintiff was informed by defendant's conductor that he could not be permitted to enter because of the rules of the defendant prohibiting such purely urban traffic. Plaintiff had known of such regulation before, although on some prior occasions he had been permitted to ride on such cars in spite of such rule.

The complaint alleged that the defendant had no right, license, permission, or authority whatever to run cars upon the street in question other than obtained by two certain franchises of the city of Milwaukee of December 28, 1874, and January 16, 1888, respectively. The plaintiff alleged, upon information and belief, that the defendant had issued orders to its conductors not to permit city passengers to ride upon said car from which plaintiff was ejected, and that defendant had unlawfully and illegally issued an order that such cars should be reserved exclusively for persons taking passage thereon outside of the city limits of the city of Milwaukee and in other cities and elsewhere, and that in such forcible ejecting of the plaintiff the conductor was obeying the instructions of the defendant.

Plaintiff learned, subsequent to his attempting to board

this car, that there was or might be no franchise from the city giving to the defendant the right to run such interurban cars over the street in question.  The trial court, in submitting the case to the jury, instructed them as follows:

"You will assume that the conductor had a right to resist plaintiff's attempt to board the car, and in so doing had the right to use such force as was reasonably necessary under the circumstances as disclosed by the evidence in the case to accomplish such purpose."

The jury found that the conductor did not use more force than was reasonably necessary to eject the plaintiff from the steps of the car upon which he stood while the car stopped at the crossing in question.  Upon such finding the court directed judgment to be entered dismissing the action on the merits.  From such judgment the plaintiff appealed.

For the appellant there was a brief by *Schoetz, Williams & Anderson* of Milwaukee, and oral argument by *Clifton Williams.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

The following opinion was filed March 4, 1919:

ESCHWEILER, J.  The substance of plaintiff's contention in this case is based upon the proposition asserted by him that, there being no franchise granted by the city of Milwaukee to defendant to run its interurban cars upon the street in question, such cars, when so running on the street, must be considered, so far as prospective passengers are concerned, as urban cars, and required, therefore, to carry persons who desire to be transported from one point in the city of Milwaukee to another reached by such car in the same manner as such urban cars, and subject to all the regulations as to the taking on or discharging of city passengers that apply to the regular urban service of the defendant.

The plaintiff, however, cannot test by force, nor have de-

Campbell v. Milwaukee E. R. & L. Co. 169 Wis. 171.

termined in this action, whether or not the defendant is running its interurban cars on the streets of the city of Milwaukee under a proper franchise or not. He has not been injured by reason of the defendant's use of the streets, but only, if at all, because the defendant, while using the streets, denied him his claim of right to take advantage, as a passenger, of the very use that was being made of the streets by the defendant as a common carrier.

He does not come into court as the owner of property adjacent to this car line whose real estate has been depreciated in value, or right in connection with such ownership invaded, as was the situation in *Schuster v. Milwaukee E. R. & L. Co.* 142 Wis. 578, 126 N. W. 26; nor has he sustained personal injury by reason of defendant's use of the street, as in *Daly v. Milwaukee E. R. & L. Co.* 119 Wis. 398, 96 N. W. 832.

The rule of defendant which its employee was seeking under its direction to enforce, by which such interurban cars were reserved for interurban traffic only and city traffic excluded therefrom, was a regulation that the defendant as a common carrier had the right to make, and was, under the situation disclosed in this case, at least a reasonable one. Such regulation has been submitted to the tribunal in this state which is clothed with full power to determine whether such a regulation was a proper one or not. That tribunal, the railroad commission, has passed upon such a system of proposed restricting urban from interurban service and adopted the view that it may be properly done. *Racine v. Milwaukee E. R. & L. Co.* 12 Wis. R. R. Comm. Rep. 388; *Kenosha v. Kenosha E. R. Co.* 12 Wis. R. R. Comm. Rep. 508.

That a common carrier of passengers may adopt reasonable rules and regulations for the management of its business and use the necessary amount of force to secure their observance is beyond question. *Coombs v. Southern Wis. R. Co.* 162 Wis. 111, 155 N. W. 922; *Ellis v. Milwaukee City R. Co.* 67 Wis. 135, 30 N. W. 218; *Plott v. C. & N. W. R. Co.*

63 Wis. 511, 23 N. W. 412; *Yorton v. M., L. S. & W. R. Co.* 54 Wis. 234, 11 N. W. 482; *Garricott v. N. Y. State Rys.* 223 N. Y. 9, 119 N. E. 94; *Sullivan v. Boston E. R. Co.* 199 Mass. 73, 84 N. E. 844; *Ohage v. N. P. R. Co.* 200 Fed. 128.

If the defendant is operating its interurban cars on the streets of the city of Milwaukee without proper right or authority, the law has provided orderly proceedings to determine that question.

If the defendant as a common carrier is attempting to enforce and carry out unreasonable and improper regulations, to the detriment of the general public, the state has provided for summary proceedings and a speedy determination of such questions before the railroad commission of this state, and even the courts are required, at least in ordinary situations, which would certainly cover the one in question here, to yield the prior right of determination to such tribunal. *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 142 N. W. 184.

No good reason appears why at least the same amount of self-restraint as to course of procedure should not be expected from an individual situated as was the plaintiff in this case.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 29, 1919.