JAMES G. SUPPLE, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, March 26, 1924.

**Street railways — action for assault by motorman — plaintiff was about to board car when assault occurred — relation of carrier and passenger is question for jury.**

In an action against a street railway company to recover damages for an assault upon the plaintiff committed by a motorman in defendant's employ, it was error to dismiss the complaint at the close of plaintiff's case on the ground that the relation of carrier and passenger did not exist at the time of the assault, and the question of such relation should have been submitted to the jury, since it appears that the plaintiff, after calling the attention of the motorman to a hot journal to which the motorman replied insultingly, attempted to board the car and was kicked in the face by the motorman.

APPEAL by the plaintiff, James G. Supple, from an order of the County Court of the county of Erie, made on the 22d day of September, 1921, dismissing the complaint at the close of the plaintiff's case, and also from a judgment entered in the office of the clerk of said county on the 3d day of October, 1921, pursuant to said order.

*Florence Farrington,* for the appellant.

*Olin T. Nye* [*Frederic R. Twelvetrees* of counsel], for the respondent.

SEARS, J.:

The plaintiff seeks to recover damages against the defendant, which operates a street railway, for an assault upon him committed by a motorman in defendant's employ. Liability is dependent upon the relation of carrier and passenger existing between the defendant and plaintiff at the time of the assault. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.,* 90 N. Y. 588.)

Although it is true that the plaintiff in testifying gave different versions of the details of the transaction, it remained a question for the jury to determine which version was correct. (*Ochs* v. *Woods,* 221 N. Y. 335.)

There is evidence in the plaintiff's testimony that the plaintiff, while standing on the street near the front platform of a car of defendant's, called the attention of the motorman, who was on board the car, to a hot journal, and although the motorman replied in an insulting manner the plaintiff took the remark as having been intended jokingly, and when the motorman opened the door leading to the front platform of the car, the plaintiff, with the intention of boarding as a passenger, started to get on the car and in so doing

put his foot upon the first step when the motorman kicked him in the face. The evidence was sufficient to require a submission to the jury of the question whether the plaintiff was a passenger at the time of the assault. (*Garricott* v. *N. Y. State Railways,* 223 N. Y. 9.)

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.