FRED TREBITSCH, Respondent, *v.* GOELET LEASING Co., INC., Appellant.

First Department, June 18, 1929.

*Paul F. Diggins* of counsel [*Nadal, Jones & Mowton,* attorneys], for the appellant.

*Joseph H. Robins* of counsel [*Mark Frackman* with him on the brief; *Frackman & Robins,* attorneys], for the respondent.

PROSKAUER, J. The plaintiff was a tenant of the defendant residing in an elevator apartment on Riverside Drive. It was the practice for the night elevator man in the apartment house to distribute to the various tenants the newspapers left by a newsdealer each morning. On January 5, 1926, plaintiff, while descending in the elevator, complained to the operator that his newspaper had not been delivered to him. A dispute followed. When the elevator reached the ground floor the plaintiff, just as he was about to alight from the car and while he was still in the car, was assaulted and struck by the elevator operator. He has had a judgment against the defendant for the damages resulting from this assault.

We hold that as a matter of law the defendant was not liable. It is not contended that the conduct of the elevator operator was intended to further any interest of the employer. Plaintiff rests his right to recover upon the proposition that the owner of an apartment house is under an absolute obligation to transport a tenant in an elevator with reasonable care and that a willful assault by the operator, even for his own personal satisfaction, *ipso facto* imposes liability upon the owner. The common-law cases impose such a liability upon innkeepers and common carriers. (*Boyce* v. *Greeley Square Hotel Co.,* 228 N. Y. 109; *De Wolf* v. *Ford,* 193 id. 397; *McKeon* v. *Manze,* 157 N. Y. Supp. 623; *Supple* v. *International R. Co.,* 208 App. Div. 547; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.,* 120 N. Y. 117.) The Civil Rights Act extended some of the obligations of a common carrier or an innkeeper to keepers of places of amusement or public resort, and .the Court

of Appeals on the basis of this statute has extended the innkeeper's liability for assault to the keeper of a bathing pavilion. (*Aaron* v. *Ward*, 203 N. Y. 351.) We are referred to no statute or authority, however, which would show an intent to bring the owner of an apartment house within this rule. The case is, therefore, in principle not distinguishable from *Muller* v. *Hillenbrand* (227 N. Y. 448).

The other authorities cited by the respondent are distinguishable. In *Mallach* v. *Ridley* (9 N. Y. Supp. 922) the plaintiff sued for false arrest; she was charged with being a shoplifter, and the act of the employee was in furtherance of the master's business.

In *Swinarton* v. *Le Boutillier* (7 Misc. 639; affd., 148 N. Y. 752) liability was predicated upon proof that the defendant knew or should have known of a habit among the boys in his store of snapping pins at persons on the premises. On the ground that the defendant had not exercised reasonable care to protect the plaintiff from injury, by reason of this practice, plaintiff's recovery was sustained.

The judgment and order appealed from should be reversed on the law, with costs, and the complaint dismissed, with costs.

MERRELL and FINCH, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

Judgment and order reversed, with costs, and complaint dismissed, with costs.