ST. LOUIS, BROWNSVILLE & MEXICO RY. CO. et al. v. BROWNSVILLE NAVIGATION DISTRICT et al.

No. 300. Argued March 2, 1938.—Decided May 16, 1938.

*Mr. Robert H. Kelley*, with whom *Mr. John P. Bullington* was on the brief, for petitioners.

*Mr. Carl B. Callaway*, with whom *Messrs. A. B. Cole* and *A. L. Reed* were on the brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondents applied to the United States court for the southern district of Texas to obtain a writ of mandamus [1]

---

[1] As defining jurisdiction, respondents rely on Judicial Code, § 24(8), 28 U. S. C. § 41: "The district courts shall have original jurisdiction . . . (8) Of all suits and proceedings arising under any law regulating commerce"; and on 49 U. S. C. § 49: "The district

commanding petitioners to transport certain traffic and to furnish and continue for all time to furnish cars for transportation of freight between the Port of Brownsville, Texas, and Matamoros, Mexico. Petitioners by pleas to

courts . . . shall have jurisdiction upon the relation of any person or . . . corporation, alleging such violation by a common carrier, of any of the provisions of chapter 1 of this title [Interstate Commerce Act], as prevents the relator from having interstate traffic moved by said common carrier at the same rates as are charged, or upon terms or conditions as favorable as those given by said common carrier for like traffic under similar conditions to any other shipper, to issue a writ . . . of mandamus against said common carrier, commanding such common carrier to move and transport the traffic, or to furnish cars or other facilities for transportation for the party applying for the writ . . ."

As imposing duties for the enforcement of which the proceedings were instituted, respondents rely on the Interstate Commerce Act, 49 U. S. C. § 1 (3):

". . . The term 'transportation' as used in this Act shall include locomotives, cars, and other vehicles . . . irrespective of ownership or of any contract, express or implied, for the use thereof, and all services in connection with the . . . handling of property transported."

§ 1 (4) "It shall be the duty of every common carrier . . . engaged in the transportation of . . . property to provide and furnish such transportation upon reasonable request therefor, . . . and to provide reasonable facilities for operating through routes . . ."

§ 1 (11) "It shall be the duty of every carrier . . . to furnish safe and adequate car service and to establish, observe, and enforce just and reasonable rules, regulations, and practices with respect to car service; and every unjust and unreasonable rule, regulation, and practice with respect to car service is prohibited and declared to be unlawful."

§ 6 (1) "Every common carrier . . . shall file with the Commission . . . schedules showing all the rates, fares, and charges for transportation between different points on its own route and between points on its own route and points on the route of any other carrier. . . . If no joint rate over the through route has been established, the several carriers in such through route shall file . . . the separately established rates, fares, and charges applied to the through transportation . . ."

the jurisdiction asserted that the questions raised were essentially administrative and that therefore resort must first be had to the Interstate Commerce Commission. The district court heard evidence on the issues tendered by the pleas, sustained the petitioners' contention and dismissed the case. The circuit court of appeals reversed. 91 F. 2d 502. This Court granted a writ of certiorari.

The city of Brownsville is on the north side of the Rio Grande opposite Matamoros. The respondent Navigation District, called the "Port of Brownsville," was incorporated under Texas law;[2] it includes a channel extending from the Gulf of Mexico about 17 miles to a turning basin which is located outside, and about five miles from the center of, Brownsville. The Port has no locomotive or cars; it has facilities at the basin to load and unload vessels, and a railroad track extending from the basin about a mile, to junction, at the boundary of the district, with a short branch or spur of petitioner, the Port Isabel & Rio Grande Valley Railway Company. Each of the other two respondents is engaged in business at the port as stevedore, freight broker, and forwarding agent. All the respondents are directly interested in the transportation of freight between the Port of Brownsville and points in Mexico via Matamoros.

Petitioner Thompson, as trustee in proceedings under § 77 of the Bankruptcy Act, operates the St. Louis, Brownsville & Mexico Railway and other lines of the Missouri Pacific System for transportation between gulf ports in Texas and Rio Grande crossings into Mexico. The Port Isabel, in all about 26 miles long, extends from the gulf to tracks operated by the trustee in the city of Brownsville. The Brownsville & Matamoros Bridge Company has a bridge and railroad tracks connecting the trustee's tracks in Brownsville with the National Rail-

---

[2] Ch. 192, House Bill 724, 41st Legislature, Regular Session.

ways of Mexico in Matamoros. Shipments between the Port of Brownsville and Matamoros must move about a mile over the tracks of the Navigation District, 7.4 miles over the Port Isabel, 2.49 miles over the trustee's tracks and 1.24 miles over the Bridge Company's rails.

There is no joint rate applicable to transportation between the Port and Matamoros or any other point in Mexico over the tracks of petitioners, the Bridge Company and any railway in Mexico. The service performed by each petitioner is covered by a switching charge specified in its tariff filed with the Interstate Commerce Commission. Neither the tariff of the Port Isabel nor that of the trustee contains any rule, regulation or provision relating to the furnishing of cars for the transportation in question. The Port Isabel performs the initial movement of traffic from the Port; it has no cars or means to acquire any. The Mexican National Railways are the initial carriers of traffic in the other direction; they refuse to permit their cars to leave Mexico.

The trustee furnishes cars for transportation from the ports of Corpus Christi and Houston to gateways at Rio Grande crossings, including Laredo and Brownsville; in all that transportation he has substantial line hauls. But he refuses to permit cars delivered by him to the Port Isabel and taken by the latter to the basin for unloading to be reloaded for shipment into Mexico, and refuses to deliver to the Port Isabel cars under his control to be loaded at the Port; and if loaded there for transportation into Mexico he refuses to switch them en route. Without regard to ownership, control or distribution, the Port Isabel is willing to switch cars between the Port and its junction with the trustee's tracks.

After the district court dismissed this case, respondents filed with the Commission a complaint alleging that petitioners, principally by their failure to furnish equipment, refused to permit traffic to move between the Port and Matamoros, in violation of §§ 1 and 6 of the Interstate

Commerce Act, and that the trustee's refusal to permit such use of his equipment, while permitting it between other ports and Mexico, violates § 3 of the Act. They prayed an order requiring petitioners to furnish equipment and to remove the prejudice and preference alleged. After hearing by the Commission but before its report, the circuit court of appeals announced its decision, in which it held that the district court has jurisdiction to grant mandamus, notwithstanding the petition for the writ alleged unreasonable and prejudicial discrimination against the Port of Brownsville. After this Court granted the writ of certiorari, respondents filed a petition with the Commission asking it to defer acting upon their allegations of violation of §§ 1 and 6. And the Commission did limit its decision to alleged violations of § 3. It held that the refusal of the trustee to furnish cars was not unduly prejudicial or preferential.

The respondents do not complain that petitioners refuse to switch cars furnished by other carriers or by the Port itself. Their grievance is not that petitioners refuse to do the switching covered by their tariffs at the specified rates; it is that in applying their tariffs, they discriminate against the Port of Brownsville in order to divert traffic to other ports and gateways so that the trustee may obtain substantial line hauls. The Act extends to transportation only so far as it takes place in this country. Petitioners are not bound by any law, regulation, or tariff to furnish cars for transportation in Mexico. But that freedom from obligation does not imply that, in furnishing equipment for transportation beyond the boundary, petitioners may unreasonably discriminate between shippers, places, or classes of traffic within the United States. Cf. *Lewis-Simas-Jones Co.* v. *Southern Pac. Co.,* 283 U. S. 654.

As the Port Isabel does not own or control any freight cars, respondents may not have relief on the ground that the failure of that carrier to furnish them is unreasonable

discrimination. As the trustee participates in traffic between the basin and points in Mexico only to the extent of an intermediate switching movement, he is not, as a matter of law, bound to furnish cars even for the part of the transportation that is performed within the United States. The question, whether the discrimination in the application of his tariff covering the switching movement is unreasonable, is an administrative one. Appropriate consideration of it may extend to many facts and circumstances, including the influence, if any, of the discrimination upon the trustee's line hauls between other Texas ports and points in Mexico, and to the broad field of competition legitimately available to carriers, shippers and commodities seeking transportation between the United States and Mexico. And the ascertainment of appropriate remedy for discrimination condemned calls for another administrative determination involving, it may be, investigation of numerous conditions affecting transportation between the two countries. And as determination of reasonableness of petitioners' refusal to furnish cars for the transportation in question and the prescribing of change in the service, if any is to be ordered, are primarily within the regulatory powers of the Commission, the district court rightly held that it was without jurisdiction and dismissed the cause. *Texas & Pac. Ry. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426. *Baltimore & Ohio R. Co.* v. *U. S. ex rel. Pitcairn Coal Co.,* 215 U. S. 481, 493. *Morrisdale Coal Co.* v. *Pennsylvania R. Co.,* 230 U. S. 304, 313. *Texas & Pac. Ry. Co.* v. *American Tie Co.,* 234 U. S. 138, 146. *Great Northern Ry. Co.* v. *Merchants Elevator Co.,* 259 U. S. 285, 291. Cf. *Pennsylvania R. Co.* v. *Clark Coal Co.,* 238 U. S. 456, 468. The decree of the circuit court of appeals must be

*Reversed.*

Mr. Justice Cardozo took no part in the consideration or decision of this case.