## ACME BRICK CO. v. CHICAGO, ROCK ISLAND & P. R. CO.

No. 13103.

United States Court of Appeals Fifth Circuit.

Dec. 29, 1950.

Charles L. Stephens, J. A. Gooch, Fort Worth, Tex., for appellant.

John A. Kerr, Jr., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, McCORD, Circuit Judge, and DAVIDSON, District Judge.

HUTCHESON, Chief Judge.

Brought under Sections 1 to 8, Title 49 U.S.C.A. and under Art. 6360, Revised Civil Statutes of Texas, the suit was for $25,000.00 as damages for the failure and refusal of defendant to furnish car service to plaintiff's brick and brick parts plant at Bridgeport, Texas.

The claim was: that defendant was the only railroad operating a line through Bridgeport; that it had for many years op-

erated a spur track to, and for the use of, plaintiff's plant, and had furnished car service thereto; that from and after October 4, 1948, to April 22, 1949, a period of more than six months, though plaintiff had repeatedly requested and demanded that it do so, defendant had refused to pull any cars from or bring any cars into the premises.

Defendant moved to dismiss for want of jurisdiction for the reason that the complaint did not allege a prior determination by the Interstate Commerce Commission as to the reasonableness or lawfulness of the practices assailed by plaintiff. Making its motion to dismiss a speaking one, it set up in it: that during the six months' period complained of, plaintiff's plant was strike bound; its employees had set up a picket line; and the train crews, because of the apparent dangers, were unable to cross that line; that it was for the administrative determination of the Commission, and not for the judicial determination of the Court, whether the inability of defendant to spot the empties as called for by plaintiff was unlawful and discriminatory or lawful and nondiscriminatory, and the suit should, therefore, be dismissed for want of the preliminary administrative determination.

The district judge sustained the motion to dismiss the cause, and appellant is here insisting that it was error to do so.

Appellee, urging upon us Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, and the cases following in its train, insists that it was not.

We agree with appellant: that the issue presented by the motion went not to the jurisdiction of the case but to the liability of the defendant; that it could and should have been judicially tried out; that the case presented by the complaint is not within the holding or the teachings of the Abilene case or within that of any of its followers; [1] and that the court erred in refusing to take jurisdiction.

It will serve no useful purpose for us, to elaborate upon this decision, discuss its grounds or reasons, or construe the authorities submitted on each side. That has already been well and thoroughly done by this court in the Carrollton case, in the majority and dissenting opinions in the Brownsville case, and in the opinion of the Supreme Court in that case, note 1, supra.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

1. Carrollton Excelsior & F. Co. v. New Orleans & N. E. R. Co., 5 Cir., 69 F.2d 691 at page 693 and the cases cited; Brownsville Nav. Dist. v. St. Louis B. & M. Ry. Co., 5 Cir., 91 F.2d 502; St. Louis v. Brownsville Dist., 304 U.S. 295, 58 S.Ct. 868, 82 L.Ed. 1357.